## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KYLE FORD**                                                    **CIVIL ACTION**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE**                **NO. 08-403-A-M2**
**INSURANCE COMPANY**

### <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 2, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KYLE FORD**                                                                          **CIVIL ACTION**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE**                              **NO. 08-403-A-M2**
**INSURANCE COMPANY**

<u>**MAGISTRATE JUDGE'S REPORT**</u>

This matter is before the Court on the briefs (R. Docs. 6 and 7) submitted by the

parties regarding the amount in controversy issue, which briefs were requested by the

Court during a scheduling conference on November 6, 2008.

<u>**FACTS & PROCEDURAL BACKGROUND**</u>

On May 27, 2008, plaintiff, Kyle Ford ("Ford"), filed a "Petition for Declaratory

Judgment" in the 19th Judicial District Court, Parish of East Baton Rouge, State of

Louisiana.  In the petition, Ford alleges that, on or about January 27, 2007, he was involved

in an automobile accident on Interstate 12 ("I-12") while in the eastbound lane at or near

the overpass of Sherwood Forest Boulevard in Baton Rouge.  He contends that,

immediately prior to the accident, he was riding as a passenger in a vehicle that was being

operated by Heath Goins ("Goins") with the permission of Goins' parents, who owned the

vehicle.  Goins' vehicle was driving along with another vehicle owned and operated by

Cherrie Carradine ("Carradine") because Ford, Goins, and Carradine intended to eat

together at a restaurant on O'Neal Lane in Baton Rouge.  At approximately 2:28 a.m., Ford

and Goins saw Carradine lose control of her vehicle, collide with the center barrier wall on

I-12, and come to a final rest in the left eastbound lane of I-12.

According to the petition, Goins immediately parked his vehicle on the right shoulder

1

of the eastbound lane of I-12 and ran to the vehicle occupied by Carradine.  Both Goins and Ford checked on Carradine and then attempted to enter her vehicle to render "first responder"-type aid.  Goins intended to enter the vehicle through the front driver's side door, while Ford ran around to the other side of the vehicle to render aid through the front passenger door.  However, before Goins and Ford could begin rendering aid, at approximately 2:29 a.m., a vehicle being operated by Crystal Hoppe ("Hoppe") and occupied by Demarco Graham ("Graham") "violently struck the stopped and disabled vehicle" occupied by Carradine.  As a result of the collision, the vehicle occupied by Carradine "spun violently, striking both" Goins and Ford, causing them "serious bodily injuries."  Ford alleges that, at all times relevant to this suit, the vehicle driven and occupied by Carradine was insured by Safeway Insurance Company of Louisiana ("Safeway"), and the vehicle driven by Hoppe was insured by USAA General Indemnity Company ("USAA").

Ford further alleges that, at all times relevant to this suit, the vehicle driven by Goins was insured by defendant, State Farm, and its coverage "included $100,000.00 in 'UM' bodily injury limits and, upon information and belief, $10,000.00 in 'Med Pay' benefits."  The petition also indicates that, at the time of the accident in question, Ford was employed by the East Baton Rouge Parish Sheriff's Office, and as such, he was required to stop and render aid to Carradine (and/or other motor vehicle accident victims) because "first responders" had not yet arrived at the accident scene.

According to the petition, prior to the filing of this suit, Goins and Ford recovered bodily injury liability policy limits provided by both the Safeway and USAA policies.  Ford also presented a claim to State Farm for benefits from its "UM" and "Med Pay" limits; however, State Farm denied that Ford is entitled to recover either "UM" or "Med Pay"

benefits, stating that Ford does not qualify for benefits under Goins' policy.  Ford therefore filed this suit seeking a declaratory judgment by the Court on the issue of whether he is entitled to recover "UM" and/or "Med Pay" benefits under the State Farm policy at issue in this matter.

On July 2, 2008, State Farm removed Ford's suit to this Court on the basis of diversity jurisdiction.  In the status report filed in this matter on October 23, 2008 (R. Doc. 4), Ford "suggest[ed] to the Court that there may not be diversity because the value of his claim against defendant is less than $75,000.00."  Ford explained that, since the filing of his original pleadings, he had been informed that the policy provided by State Farm provides for "economic only UM" benefits.  He further explained that the total amount of medical expenses incurred by him as of the result of the accident that is the subject of this suit is less than $40,000.00, and the total amount of the wages he lost because of the accident is less than $10,000.00, resulting in a total amount in controversy of $50,000.00. Because of the disagreement as to whether the requisite amount is in controversy for purposes of diversity jurisdiction, the undersigned requested that the parties brief the issue.[1]  The Court now considers those briefs in the present report.

---

[1] The amount in controversy requirement of diversity jurisdiction must be met in this case even though it is a declaratory judgment action seeking only a declaration of rights by the Court rather than an actual payment of damages.  *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002)(The amount in controversy, for purposes of establishing diversity jurisdiction in a liability insurer's declaratory judgment action seeking a declaration that the policy did not cover a particular loss, was the value of the insured's underlying claim, rather than the policy limits); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998)(In a suit for declaratory relief, a court should inquire whether the party invoking federal jurisdiction has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount).

**LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.  It is undisputed that the parties to this matter are citizens of different states; thus, the only issue before the Court in this report is whether the minimum amount in controversy is satisfied.  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand.  *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).  Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a

"legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by:  (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Ford's petition, it is ambiguous as to whether or not Ford's damages in this matter exceed $75,000.00, exclusive of interest and costs. Although Ford alleges that he sustained "serious bodily injuries" as a result of the accident in question, he provides absolutely no description of the nature of his injuries and/or the monetary amount of damages he has or will incur in this matter.  He did not even pray for a state court jury trial in the petition so it is not clear to the Court, based solely upon the allegations in the petition, whether or not his damages will exceed the threshold amount for a state court jury trial, $50,000.00.[3]  Additionally, although he alleged that the State Farm insurance policy on the Goins' vehicle, which is at issue, included $100,000.00 in "UM" bodily injury limits and $10,000.00 in "Med Pay" benefits (allegations that Ford subsequently learned from State Farm's Notice of Removal are not accurate), he did not contend anywhere in his petition that he is demanding in this suit the entirety of those limits under the "UM" and "Med Pay" provisions of the policy.  Instead, he simply prayed that he will receive a declaratory judgment entitling him to recover an unspecified amount of "UM"

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[3] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

and/or "Med Pay" benefits from the State Farm policy.

State Farm relies upon Ford's incorrect allegations in the petition concerning the policy limits as evidence that the jurisdictional minimum is satisfied in this case.  However, even assuming those allegations are accurate, mere allegations or evidence of policy limits alone is insufficient to carry State Farm's burden of proof.  It is the actual value of Ford's claimed damages that is relevant to the amount in controversy determination, not his "potential recovery" based upon the alleged value of the underlying insurance policy.  *See, Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)(holding that, in a claim based upon recovery under an insurance policy, it is the "value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy").[4] [5]  As mentioned above, according to the Status Report in this matter, the total amount of medical expenses incurred and wages lost by Ford as a result of the accident in question totals only $50,000.00.  The fact that the amount in controversy in this matter is less than the jurisdictional minimum is further substantiated by the settlement demand letter that plaintiff's counsel submitted to defense

---

[4]  *See also, Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062, at *1 (E.D. La. 1995)(calculating the amount in controversy based upon receipts and affidavits as to the actual damages suffered); *Mediamolle v. State Farm Ins. Co.*, 2008 WL 834378 (E.D. La. 2008)(where a plaintiff does not assert in the petition that the amount of his claim approaches, meets, or exceeds the policy limits, the policy limits are not determinative of the amount in controversy).

[5]  Furthermore, even if the allegations in the petition could be construed as requesting the full policy limits under the "UM" and "medpay" provisions of the State Farm policy, the Court cannot find that the jurisdictional minimum is satisfied in this case since such allegations in the petition are based upon inaccurate information as to the nature and extent of coverage under the policy.

counsel prior to suit being filed in this matter, on March 18, 2008.  *See*, R. Doc. 9.[6]  In that

---

[6] Although the Fifth Circuit Court of Appeals has definitively held that a settlement demand letter may be considered an "other paper" which commences the running of the period for filing a notice of removal under 28 U.S.C. §1446(b), it has not conclusively addressed the issue of whether a pre-petition settlement demand letter can be considered as relevant evidence of the amount in controversy.  However, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.  *See, Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917 (5th Cir. 2002); *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994).

Furthermore, both this Court and the Eastern District of Louisiana have previously considered settlement demands as "valuable evidence" in determining the amount in controversy, as have numerous courts in other jurisdictions.  *See, Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995)(citing *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994))(holding that the amount of a settlement offer "is valuable evidence to indicate the amount in controversy at the time of removal"); *Lonon v. Prieto*, 2000WL 913808 (E.D. La. 2000).  Specifically, courts in other circuits have held that, while a settlement offer itself "may not be determinative" it may "count [ ] for something" and may be considered relevant if it appears "to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

*See also, Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997)(plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)(while a "settlement offer, by itself, is not determinative, it counts for something," and "great weight" should be given to the plaintiff's assessment of a case's value when determining removal jurisdiction); *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D. Ca. 2003)(If damages are not clearly specified in the pleadings, the court may rely upon a variety of documents, including written settlement demands to determine the amount in controversy.  Settlement offers are "relevant evidence of the amount if controversy if they appear to reflect a reasonable estimate of the plaintiff's claim"); *Krajca v. Southland Corp.*, 206 F.Supp.2d 1079 (D. Nev. 2002); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041, 1043 (D.Ariz. 2001); *Baxter v. National Safety Council*, 2005 Wl 2219369 (W.D. Wash. 2005); *Vermande v. Hyundai Motor America, Inc.*, 351 F.Supp.2d 195 (D. Conn. 2004); *Lapree v. Prudential Financial*, 385 F.Supp.2d 839 (S.D. Iowa 2005); *Ciancaglione v. Sutherlin*, 2004 WL 2040342 (E.D. Pa. 2004)(Defendants were held to have satisfied their burden of proving the requisite amount in controversy where they submitted a pre-complaint settlement demand letter seeking over $201,000.00).

letter, plaintiff's counsel indicated that the total amount of medical expenses incurred by Ford since the accident amounted to $26,831.16, and plaintiff's counsel made a demand upon State Farm for a check in the amount of $10,000.00 based upon the insurance policy's $10,000.00 in "med pay" coverage.  Thus, it does not appear that the amount in controversy in this matter is satisfied, regardless of the policy limits alleged in Ford's petition.

Additionally, in its brief on the jurisdictional amount issue, State Farm relies upon the fact that Ford failed to include a stipulation in the petition indicating that the amount in controversy in this matter is less than that required for federal jurisdiction as required by La. C.C.P. art 893.[7]  However, all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to

---

Several courts have even found that a settlement demand alone is sufficient to support removal jurisdiction where the plaintiff does not argue in opposition to removal that his settlement demand was inflated or was not an honest assessment of his damages. *Baxter*, at *2; *Cohn*, at 840; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

[7] La. C.C.P. art. 893 provides the following:

A (1)   No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. . .

La. C.C.P. art. 893.

establish that the jurisdictional minimum is in controversy.  *See, Weber v.* Stevenson, 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy.  A finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).[8]  Thus, the mere failure to include an Article 893 stipulation in the petition does not make it "facially apparent" from the petition that more than $75,000.00, exclusive of interest and costs, is in controversy in this matter.  Since State Farm has not offered any competent, summary judgment-type evidence demonstrating the nature and extent of Ford's injuries or any jurisprudence indicating that Louisiana plaintiffs who have sustained

---

[8] *See also, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007)(If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff in failing to include an allegation that his/her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 cannot give rise to presumptive federal jurisdiction or satisfy the defendant's burden of proving, through allegations of fact or record evidence, that the amount in controversy requirement is met); *Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007)("[I]n light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition [in failing to plead the lack of federal jurisdiction in accordance with La.C.C.P. art. 893] creates federal jurisdiction"); *Fontenot v. Granite State Insurance Company*, 2008 WL 4822283 (W.D.La. 11/3/08)(A removing defendant's "burden is unaffected by the plaintiff's failure to comply with La. C.C.P. art. 893 because compliance would not require the plaintiff to assert a specific amount in controversy, only an opinion as to federal jurisdiction.  The plaintiff's statement that the amount in controversy either did or did not exceed the federal jurisdictional amount would simply be one piece of evidence for the Court to consider, for 'a party may neither consent to nor waive federal subject matter jurisdiction'."); *George v. Dolgencorp, Inc.*, 2008 WL 103957, *1 (W.D. La. 2008), quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 *5th Cir. 1999); *Saxon v. Thomas*, 2007 WL 1974914 (W.D. La. 2007).

the same or similar injuries to that of Ford have received damage awards in excess of $75,000.00,[9] [10] the Court finds that State Farm has failed to carry its burden of proving that the requisite amount is in controversy in this case for purposes of diversity jurisdiction. Moreover, based upon plaintiff's pre-suit settlement demand and the information State Farm submitted in its Notice of Removal (specifically, that the insurance policy in question only provides limited "economic only UM" benefits, as opposed to the $110,000.00 in "UM" and "Med Pay" benefits alleged in the petition),[11] it appears that less than $75,000.00 is in

---

[9] State Farm, in fact, concedes on page 6 of its brief that it has not received, at this point, information that would provide "a basis outside of the petition" to support removal. Instead, it contends that the allegations within the petition, including the failure to submit an Article 893 stipulation, are sufficient to establish the right to removal. As discussed above, the Court disagrees and is in need of summary judgment-type evidence, beyond the allegations in the petition, demonstrating that more than $75,000.00 is in controversy in this case.

[10] Although State Farm contends that the allegations in the petitions in the Fifth Circuit cases of *Luckett* and *Gebbia* (where it was held that it was facially apparent from the petition that the jurisdictional minimum was in controversy) are similar to those in the present matter, the Court disagrees. In *Luckett*, the plaintiff alleged his damages with specificity, including damages for property, travel expenses, an emergency ambulance trip, a six (6) day stay in the hospital, pain and suffering, humiliation, and temporary inability to do work. Similarly, in *Gebbia*, the plaintiff alleged injuries to her wrist, knee, and back, and claimed damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." Unlike in *Luckett* and *Gebbia*, Ford provided absolutely no description of the nature and extent of his injuries in the petition, other than to vaguely describe them as "serious bodily injuries." Accordingly, the Court disagrees with State Farm that, on the basis of *Luckett* and *Gebbia* alone, removal is appropriate in this matter.

[11] In all automobile liability insurance policies delivered in this state covering vehicles registered in this state, Louisiana law requires uninsured/underinsured motorist (UM) coverage in the same amount as the bodily injury liability coverage, unless "any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage," as occurred in the present case. *See*, La. R.S. 22:680(1)(a)(I). "Economic-only" uninsured motorist coverage excludes coverage for all noneconomic loss. "Noneconomic loss" means any loss other than economic loss and

controversy in this matter since Ford's economic losses (medical expenses and lost wages) amount to only $50,000.00.  As a result, this matter should be remanded to state court for further proceedings.

### **RECOMMENDATION**

For the above reasons, it is recommended that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, March 2, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

includes but is not limited to pain, suffering, inconvenience, mental anguish, and other noneconomic damages otherwise recoverable under the laws of this state.  *Id.*

11